## TOM HORN V. THE STATE.

No. 19400.    Delivered February 16, 1938.

The opinion states the case.

*Ira Lawley*, of Groesbeck, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft; the punishment, confinement in the penitentiary for three years.

On the night of April 14th, 1937, L. E. Gregory lost $212, which he had in his rooming house in the town of Groesbeck. Appellant had frequently been the guest of Mr. Gregory. Shortly after the theft, appellant made a confession, which was introduced in evidence upon the trial. We quote from said confession as follows:

"My name is Tom Horn. I am 18 years old. I live in Mexia, Texas. I have been living in Mexia about five or six weeks. Before moving to Mexia, I lived near Groesbeck. I swept out for Mr. Gregory who runs a hotel next to the Groesbeck Journal, when I stayed in Groesbeck. After I moved to Mexia me and Raymond Anderson talked about getting Mr. Gregory's money in his room at the hotel, and about one month ago we planned to go up to the hotel to get his money. Raymond went up to the hotel that Mr. Gregory runs late one night to get a bath and we knew that Mr. Gregory would have to go back and light the heater to warm the bath water. I stayed downstairs while Raymond Anderson went up in the hotel to get the bath, and while Mr. Gregory was to light the heater for the bath I was to go up and get the money out of Mr. Gregory's room. And while Mr. Gregory and Raymond was in

the bathroom I went upstairs and went into Mr. Gregory's room and I got $212.00 out of his room. This money was in Mr. Gregory's pants pocket. The money was rolled up. I came on back downstairs after I had got the money and got in Raymond's car and waited for him. After Raymond came down we came on the north side of the Navasota River and took the first right hand road for a short way and we divided the money. I got half of the money and Raymond got half of it. I got $106.00 as my part of the money, and Raymond got $106.00 as his part of the money. Raymond brought me on to Mexia, and Raymond left to go home. No one gave either of us consent to go into Mr. Gregory's room and get the money."

Testifying in his own behalf, appellant repudiated his confession, declaring that improper methods had been used by the officers in obtaining it. According to the version of the officers, appellant had been in no manner mistreated. In short, they testified that the confession had been freely and voluntarily made by the appellant after he had been properly warned as required by Article 727, C. C. P. According to appellant's testimony, he was not present at the scene of the theft. In short, he denied that he had stolen Mr. Gregory's money.

State's witness Marvin Walker, who was an accomplice, testified that he and the appellant made a trip to East Texas between April 15th and 20th in a car belonging to the father of the witness. On the trip appellant purchased tires, tubes, gasoline and food. From the testimony of the witness we quote:

"The defendant first told me he got this money by gambling, then later told me he had stolen it. He said he had stolen it from Mr. Gregory of Groesbeck. He told me that Raymond Anderson had gone up to Mr. Gregory's rooming house and taken a bath; that he drew the old man's attention back there while showing him where the water and everything was; that he, the defendant, came upstairs and slipped in the room and got the money, then went back downstairs and waited around. He said he and Raymond Anderson divided the money half and half, and that he got a little over a hundred dollars for his part. He did not tell me what he did with any of the other money."

The evidence is deemed sufficient to support the conviction.

We find in the record an application by the appellant for a continuance. No bill of exception relative to the denial of the application is brought forward. In 4 Tex. Jur., 211, it is said: "The refusal of a continuance will not be reviewed where the

matter is not presented by a bill of exception." See Stovall v. State, 16 S. W. (2d) 242.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.